We'll now hear an argument in the first matter on the argument calendar, which is Robles-Doroteo. I don't know. I'm sorry. I'll just mangle the name if I go further.  Petitioners reaffirmed their arguments stated in the opening brief. Petitioners' untimely appeal to the Board of Immigration Appeals should have been equitably told upon showing that they were victims of fraud and that they relied on the fraudulent representation of the representative who failed to file the notice of appeal on a timely manner. Does this infringe upon the Fifth Amendment right to the due process of law? Can you speak a little louder? Sure. Okay. In the so-called Gonzales v. INS, this Court concluded that the statute of limitations to reopen an order of deportation is equitably told where the alien's late petition is a result of the deceptive actions by a notary posing as an attorney. And that is the case that's before us here. The petitioners believe the representations by Mr. Carlos Luis that he was an attorney and would represent them in their claim for political asylum, which he never did. At some point, though, they knew that no appeal had been filed. And after that point, they waited more than 30 days to file a paper. And in your view, what is the effect of that period of time that was greater than 30 days? Well, as explained in the brief, the reason, I mean, the reason for waiting the 42 days was not, in fact, that they did not want an exercise of due diligence. They wanted to, first of all, make sure they went through all the requirements of the Maddox-Losada requirements, give the person an opportunity to respond, file the complaint with the Consumer Affairs. So during all that time, there was... Would that have prevented them, though, from having filed also in this context? In other words, couldn't they have filed all those papers at once? Well, as I was explaining, everything was done within the timely manner, and it just ran to the extra 12 days. And so we wanted to, the Petitioners wanted to make sure that there was actually ineffective assistance of counsel proven before filing the appeal by certification. Should we be treating your paper as a motion to reopen or as an appeal? We filed an appeal. We're doing this as an appeal by certification. We believe that the BIA could have exercised their discretion in taking this appeal by specification since it was an untimely manner. And so, and furthermore, when the Petitioners found out that they were not going to be represented by Mr. Carlos Lewis as an attorney, they actually were introduced to an attorney minutes before their hearing and then were represented by Raymond Safar. After the Immigration Court denied the request for political asylum and granted volunteer departure, Mr. Lewis assured them that he would file a timely appeal, but did not do so. He then later on perpetrated this misrepresentation by not only telling the Petitioners that he had filed the appeal, but that he would also file a motion to reopen, which he made the Petitioners sign. And later on, by reviewing the court's file, it was found out that the motion to reopen was never made part of the court's file and never was filed. And, in fact, Mr. Lewis explained that he had made the Petitioners sign a wrong motion to reopen. It was for some other Respondent. Therefore, the Petitioners' one opportunity to have their case reviewed by the Board of Immigration Appeal was wasted by the misrepresentation of Mr. Lewis, and their due process rights were violated by dissociation with Mr. Lewis. It's undisputed that the Petitioners repeatedly rely on Mr. Lewis adequately handling the case, but inexplicably failed to file the appeal on a timely manner, which in turn unquestionably affected the outcome of the proceedings, because the proceedings could have been reviewed once again by the Board of Immigration Appeal's decision of the Immigration Court. So this type of act triggers equitable tolling under cases that have been decided in this court, cases such as Sokol v. INS, Varela v. INS, and Lopez v. INS. And, furthermore, the Board argued, the Board erred in concluding that filing the appeal after the 42 days of learning the appeal, that they erred when they said that the 42 days after learning of the appeal demonstrated that they did not exercise due diligence. Well, as I stated earlier, when considering that they had to abide to the matter of Rosada, and also determined that Mr. Lewis, in fact, had committed ineffective assistance in counsel, then filed the appeal. But the appeal was filed within 30 days of concluding that Mr. Frack had, in fact, Therefore, following Sokol v. INS's approach, the petition acted with due diligence before submitting the appeal to the Board. The petition was rated to file the complaint with the Department of Consumer Affairs without first being convinced that Mr. Lewis, in fact, jeopardized the petitioner's immigration case and was not going to respond to the allegations. The INS reserved a copy of the appeal and was rightfully guaranteed the right to contest the petitioner's request. All right. Thank you, counsel. I'll hear now from Ms. Smith. Good morning, Your Honors. Good morning. Justice Smith, representing, responded. This Court should affirm the Board of Immigration Appeals' decision and dismiss the petition for review because, assuming arguendo that equitable tolling could apply to an untimely appeal to the BIA, equitable tolling would be of no assistance to the petitioner here because the petitioner failed to file a timely appeal even when the tolling period is taken into account. Assuming all those things to be true, Ms. Ramirez argues that that extra 12 days was necessary in order to make a matter of lasada showing. Why isn't that the case? First, lasada deals with a motion to reopen, which this is not. This is a ‑‑ I understand. Okay. I'm focusing just simply on the extra 42 days. I mean, the extra 12 days, really, beyond the 30 that you had. Right. And in the period of time that she goes through, she discusses lasada requirements. Lasada requirements don't apply to appeals. Those are ‑‑ that's motion to reopen. So they don't even apply. Assuming that you could even apply them, it wouldn't matter here because the ‑‑ well, the notice of appeal requirements don't require anything along the lines of lasada. In addition to that, August 22nd is when the letter was sent out to the former counsel or alleged counsel, Mr. Lewis. The brief indicates that he actually responded on that date. So they knew as events. So to try and add on these other days when then a few days later he responded again really doesn't make any sense. Counsel, what is your answer to Judge Fletcher's question to opposing counsel? Why wouldn't this be treated in substance as a motion to reopen, since that's the ordinary method of challenging the effectiveness of counsel? There's no basis under the regulations for statutes to treat it as a motion to reopen. It was filed as an appeal, and that is how it was treated. What is a certification request? The ‑‑ I want to point out first, that issue is not here before this Court. This is a question. I'm sorry. Yes, Your Honor. There is a provision in the regulations which allow ‑‑ which allows for certification and which allows the board to take cases pursuant to certification. However, there is also provision in the regulations, 8 CFR section 3.3D, that specifies effects of certification, and it indicates that the time for taking an appeal shall not be affected by certification. Counsel, is there some regulation that prevents the BIA from considering a paper that's labeled one thing but in substance is another from looking beyond the label? Is there some regulation that prohibits that? I don't know specifically if there is, but when it is an appeal, there is precedent of this Court that says if it's an appeal to the BIA, it's mandatory and jurisdictional, in which case equitable tolling wouldn't even apply at all. But do you agree that the normal way of challenging the effectiveness of counsel is through a motion to reopen? In other words, could a motion to reopen have been found in this circumstance where a party says, whoa, I have a lawyer, maybe, but if they were a lawyer, they really messed up and my appeal time ran, and I want to prove that the only reason I didn't appeal in a timely manner is ineffective assistance of counsel. Is that a motion to reopen? If that were the case, then the timing would probably go back to June when new counsel is hired. You have to answer yes or no. Is that a proper subject for a motion to reopen? If you're claiming that there's ineffective assistance of counsel, you can file a motion to reopen. Okay. And a motion to reopen would be filed within 90 days rather than 30, but 90 days of what? Under the Fajardo decision by this Court, 90 days, what they said it would be is when you know of the harm, and they put that to the date when they acquired new counsel. In this case, that was back in June, so even the 90 days wouldn't be met because if they did not, they knew June is when Petitioner hired new counsel. It wasn't until August that they sent out a letter, and then they didn't file an appeal until October. So if they knew the date. Let me ask this. What's the date upon which they learned that Mr. Lewis had never filed a notice of appeal? That's not exactly clear from the record. The Petitioner said he had some questions, and it indicates that he hired new counsel in June. And did she investigate it to find out whether the notice of appeal had ever been filed? Is that correct? Again, Your Honor, we know that as of August, she sent a letter to opposing counsel, but we don't know what happened between June and August. And the Fajardo decision read the time for the, if there is an equitable tolling period, the time that it would start running again was once they hired new counsel. I have a somewhat different take on what happened in that what was filed was an application for certification which we have recognized that the BIA may grant in order to consider an untimely appeal. And that the BIA, in its decision, actually considered the ineffective assistance of the notary claim that was raised and effectively told the running of the statute for filing an appeal up until the time that counsel and Robles recognized that there had not been an appeal filed and then said, as I read it, it would have been okay if they filed within 30 days. We would have entertained the certification. But since they didn't exercise due diligence and missed the 30 days by 12, we're not going to. So why should we worry about recharacterizing this as a motion to reopen when the BIA effectively itself did everything that was asked of them? In the BIA's decision, it didn't specifically mention certification. So it's not clear exactly what they were doing on that front. I mean, they denied it as an untimely appeal. They first said it was an untimely appeal. Well, I know, but here's my point. The BIA, given what it was asked to do, which was take this appeal, recognized the ineffective assistance claim, gave effect to tolling, but then said you still didn't make it in time, because from the time that you realized that there was a problem, which was August 22nd, you had 30 days in order to do something, and you didn't do it until October 3rd, so you missed the deadline. So... I believe that's correct, Your Honor, and that part of the reasoning was that the Petitioner didn't exercise due diligence, and we would agree 100 percent with that decision. Okay. We would also point out the Socap-Gonzalez case deals with the motion to reopen, which indicated it isn't a timely appeal. What would be reopened? Well, there would be nothing before the board, so technically the board couldn't reopen anything because the board didn't have jurisdiction in the first instance to do anything because it was an untimely appeal. And in the Socap-Gonzalez case, which dealt with the motion to reopen, they also discussed that in situations where it's a mandatory and jurisdictional requirement, equitable tolling can't apply. And they specifically cited the Hernandez-Rivera case by this Court. And in that decision, the Court actually dealt with an untimely appeal to the Board of Immigration Appeals, and the Court held that the only instances where jurisdiction could still exist was along the lines of some Supreme Court cases would say if there's some kind of official misleading. And this is clearly not a case of official misleading. The immigration judge had told the Petitioner they had to file by April 12th, 2001. So jurisdictionally as well, there was no basis for this Court to have an appeal at any point. And this Court has recognized that before. So the various motions to reopen cases aren't even applicable because this Court has already said, just as it has with petitions for review to this Court, appeals to the BIA are mandatory and jurisdictional, and equitable tolling does not apply. Oh, boy. Yeah, my point, I guess, is that you don't have to reach that far. I think that's correct, Your Honor. Absolutely. And that's what I think we tried to say in our brief, that assuming arguendo, equitable tolling could apply. The Board of Immigration Appeals looked at it. He said, okay, it starts to run. And he put it as the August 22nd, 2001 date, and they didn't file it within 30 days after that. And therefore, you know, due diligence is not exercised, and the appeal was not timely. See, I'm just about out of time, Your Honor. So I would just say, in summary, we would request the Court affirm the Board of Immigration Appeals' decision and dismiss the petition for review, because as we've indicated, assuming arguendo, that equitable tolling could apply to an untimely appeal to the Board of Immigration Appeals, equitable tolling would be of no assistance to Petitioner here because Petitioner failed to file a timely appeal even when the tolling period is taken into account. Do you know, does the service exercise any kind of supervision over who can appear before it? Persons like this, Mr. Lewis, is there some way in which the service can ban them ever filing anything or coming before the Court? I'm fairly new to this field, Your Honor, so I don't know all the specifics, but I know I at least have read something where individuals have been barred from proceeding in future immigration cases, though I know I've seen at least in one instance it's occurred, but I honestly don't know how frequently that happens, you know, and what procedures they go through to stop it from happening in the future. Unfortunately, we all too frequently see cases that have been seriously mishandled by persons who are simply incompetent to be representing aliens. Sometimes they're actually lawyers and sometimes they're these kind of netherworld people. Yes, Your Honor, and I think that's why, at least in the motion to reopen cases, they've allowed equitable tolling. But obviously for the various reasons discussed here today, we don't think it applies in this situation to help the Petitioner. Okay. Thank you very much, Ms. Smith. Anything else? I'm not Smith. I'm sorry. Ms. Ramirez. You actually have time. If there's anything further you would like to add. Okay. Thank you. The matter just argued will be submitted.
judges: B. Fletcher, Rymer, Graber